UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

*Eastern District of Kentucky*
**FILED**
MAY 25 2022
AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES OF AMERICA

V.                                    INFORMATION NO. 22-cr-32

**ROBERT GOFORTH**

\* \* \* \* \*

**THE UNITED STATES ATTORNEY CHARGES:**

**COUNT 1**
**18 U.S.C. § 1347**

In or about 2015, and continuing through in approximately September 2016, the exact dates being unknown, in Laurel County, in the Eastern District of Kentucky, and elsewhere,

**ROBERT GOFORTH**

knowingly and willfully executed, and attempted to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined by Title 18, United States Code, Section 24(b), that is, Medicare, Medicaid and other health care benefit programs, and to obtain, by means of false and fraudulent pretenses, money and property owned by, and under the custody of, Medicare, Medicaid and other health care benefit programs, in connection with the delivery of, and payment for, health care benefits, items, and services, to wit, causing claims for payment to be submitted for prescription drugs that were never dispensed, all in violation of 18 U.S.C. § 1347.

## COUNT 2
## 18 U.S.C. § 1957

On or about September 28, 2016, in Laurel County, in the Eastern District of Kentucky,

**ROBERT GOFORTH**

knowingly engaged, and attempted to engage, in a monetary transaction in criminally derived property of a value greater than $10,000 and that was derived from specified unlawful activity, that is, health care fraud in violation of 18 U.S.C. § 1347, to wit, a check payment of $17,000 from Cumberland Security Bank Account -1542 to a third party in London, Kentucky, all in violation of 18 U.S.C. § 1957.

## FORFEITURE ALLEGATIONS

1. Upon conviction of the offense charged in Count 1 of this Information, **ROBERT GOFORTH** shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(7), all property, real and personal, that constitutes or is derived, directly or indirectly, from gross proceeds of the violations, including but not limited to a sum of money equal to the amount of gross proceeds of the offenses.

2. Upon conviction of the offenses charged in Count 2 of this Information, **ROBERT GOFORTH** shall forfeit to the United States of America any property, real or personal, involved in the money laundering violation set forth in Count 2 of the Information, or any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1).

3. If any property subject to forfeiture, as a result of any act or omission of the defendant:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third party;

    c. Has been placed beyond the jurisdiction of the court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 18 U.S.C. § 853(p).

_____
**CARLTON S. SHIER, IV**
**UNITED STATES ATTORNEY**

## PENALTIES

**COUNT 1:** Not more than 10 years imprisonment, a fine of not more than $250,000 or the greater of twice the gross gain or twice the gross loss, and supervised release of not more than 3 years.

**COUNT 2:** Not more than 10 years imprisonment, a fine of not more than $250,000 or twice the value of the criminally derived property involved in the transaction, whichever is greater, and 3 years supervised release.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Restitution, if applicable.